## UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

TELEMÁTICA LEFIC, S.A. DE C.V., a Mexican
corporate entity, DYNTRA, S.A. DE C.V., a Mexican
corporate entity, ROSA MARÍA ROMERO
VARGAS, an individual, and ERNESTO ZAVALA,
an individual,

      Plaintiffs,

v.

ANTONIO J. SOCORRO MARÍN, an individual,
and IQUANTICS CORP., a Florida corporation,

      Defendants.

## COMPLAINT FOR VIOLATION OF THE
RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

Plaintiffs, TELEMÁTICA LEFIC, S.A. DE C.V., DYNTRA, S.A. DE C.V., ROSA

MARÍA ROMERO VARGAS, and ERNESTO ZAVALA, by and through undersigned counsel,

files this Complaint against ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., and

state as follows:

### SUBJECT MATTER JURISDICTION AND VENUE

1.      This is an action for damages totaling $6,031,426.35 under 18 U.S.C. § 1961, et

seq. (the "Racketeer Influenced and Corrupt Organizations Act" or "RICO"). This Court has

subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

2.      Venue is proper in this District pursuant to 18 U.S.C. § 1965(a), and/or 28

U.S.C. § 1391(b)(2) and (3).

## THE PARTIES AND PERSONAL JURISDICTION

3.      Plaintiff TELEMÁTICA LEFIC, S.A. DE C.V. ("LEFIC") is a foreign corporate entity organized and existing under the laws of Mexico, is *sui juris*, and is a resident and citizen of Mexico.

4.      Plaintiff DYNTRA, S.A. DE C.V. ("DYNTRA") is a foreign corporate entity organized and existing under the laws of Mexico, is *sui juris*, and is a resident and citizen of Mexico.

5.      Plaintiff ROSA MARÍA ROMERO VARGAS ("ROMERO") is an individual, is *sui juris*, and is a resident and citizen of Mexico.

6.      Plaintiff ERNESTO ZAVALA ("ZAVALA") is an individual, is *sui juris*, and is a resident and citizen of Mexico.

7.      Defendant ANTONIO J. SOCORRO MARÍN ("SOCORRO") is an individual, is *sui juris*, and is a resident and citizen of Florida.

8.      Defendant IQUANTICS CORP. ("IQUANTICS") is a corporation organized and existing under the laws of Florida, is *sui juris*, and is a resident and citizen of Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

### DEFENDANTS' INTERNATIONAL THEFT SCHEME

#### Plaintiffs Repose their Trust and Confidence in Defendants

9.      At all times material hereto, Plaintiff LEFIC was in the business of selling information technology ("IT") equipment and development services in Mexico, in the areas of security, biometrics, and IT administration ("IT Services"), including related identity smart cards containing electronic wallets for use in mass transportation,

10.     At all times material hereto, Plaintiff DYNTRA was also in the business of selling IT Services in Mexico.

11.     In or around 2013 LEFIC was interested in locating a manufacturer to assist in the creation of a software application to be provided to the government in Mexico (the "Mexican Government").  During that same period, Defendant SOCORRO contacted LEFIC and offered the services of his company Defendant IQUANTICS.   LEFIC met with SOCORRO in Mexico where he represented to LEFIC that SOCORRO and IQUANTICS had the technological skill and experience that LEFIC required for its specific services to the Mexican Government.

12.     As a result, LEFIC reposed its trust and confidence in, and relied on, SOCORRO and IQUANTICS as trusted technology equipment and services advisers.

13.     In addition, LEFIC introduced its affiliated company Plaintiff DYNTRA to SOCORRO, who also reposed its trust and confidence in Defendants relying on their representations that Defendants had the technological skill and experience that DYNTRA required for its specific services to the Mexican Government.   DYNTRA also relied on Defendants as trusted technology equipment and services advisers.

### Plaintiffs' Unfulfilled Orders

14.     In late December 2017, the government of Mexico City awarded a contract to LEFIC for metro smart cards to access the metrobus system.  LEFIC ordered 3 million smart cards from IQUANTICS and paid $755,443.

15.     IQUANTICS (and SOCORRO) accepted the funds but delivered only a fraction of the smart cards, i.e., 270,000.  As a result, LEFIC lost its government contract and was penalized $148,462.26.

16.     Upon repeated demand for the remaining cards, during November and December 2017, by telephone calls and in person in Mexico, SOCORRO represented to LEFIC that the cards had been detained by customs in Paris.  SOCORRO represented that the cards were manufactured by a company in France that was responsible for the delay.

17.     Subsequently, in early 2018 SOCORRO represented to LEFIC, by telephone calls, that he had filed a lawsuit against the French manufacturer and that he would refund LEFIC's funds upon the resolution of that suit.

18.     Even though Defendants had failed to deliver, Plaintiffs continued to do business with Defendants because IQUANTICS had performed on other orders, because Defendants trusted SOCORRO, and because the Mexican Government had made several more orders and confirmed it would make more.

19.     Trusting Defendants, LEFIC made orders for, and paid for, IT equipment that Defendants accepted and failed to supply (including for the $755,443 - 3 million card order), according to the following payments:

      a.      $4,500 (Credence Tab Mobil Smart Card Verify);

      b.      $17,458 (3 million cards - CALYPSO ST25TB512AC MEMORY);

      c.      $21,030 (same order as above);

      d.      $200,000 (same order as above);

      e.      $57,730 (same order as above);

      f.      $63,225 (same order as above);

      g.      $400,000 (same order as above);

      h.      $62,500 (POS Metro - N1-IQ0212);

i. $500,000 ("CHIP CON APP PORTACION DE ARMAS / CHIP 80K PARA LICENCIAS DE CONDUCIR / (J3H082C3A6) 80K Con App Porte De Armas Honduras);

j. $44,580.40 (same order as above); and

k. $56,140 (ACOPLE UNIVERSAL HOLOGRAMA CORTADO DE LAMINA Y DISEÑO PROPIETARIO / HOLOGRAMA SEGURIDAD NUEVO FORMATO Y DISEÑO (Rollo con 250 Escudos).

Copies of the related Invoices, Quotes, and Purchase Orders, are attached hereto as Composite Exhibit "A."

20. Each time LEFIC considered ordering the equipment in the previous paragraph, SOCORRO and IQUANTICS falsely represented to LEFIC that IQUANTICS could, and would, supply them.

21. Likewise trusting Defendants, DYNTRA made orders, and paid for, IT equipment that Defendants accepted and failed to supply, according to the following payments:

a. $47,250 (TRANSPORT VALIDATOR N2-IQ0212); and

b. $11,760 (KIOSK TRANSPORT CARD SAMPLE).

Copies of the related Invoices are attached hereto as Composite Exhibit "B."

22. Each time DYNTRA considered ordering the equipment in the previous paragraph, SOCORRO and IQUANTICS falsely represented to DYNTRA that IQUANTICS could, and would, supply them.

**The Loans**

23.     In or around July 2018, SOCORRO met with LEFIC's principal in Mexico and requested a loan.  Because LEFIC trusted SOCORRO, it referred him to its related company Plaintiff DYNTRA.

24.     SOCORRO represented to DYNTRA that he had several pending international orders but was facing cash flow problems, including arising from the pendency of the French lawsuit.  Relying on these representations, on July 26, 2018 loaned IQUANTICS $150,000 (the "Dyntra Loan").  A copy of the Loan Agreement and Promissory Note is attached hereto as Exhibit "C."   The parties agreed the loan would accrue 14% annual interest.  The loan became due, DYNTRA made demand, and Defendant never made any payment.

25.     Subsequently, SOCORRO asked LEFIC's principal for another loan.  Because LEFIC trusted SOCORRO it put him in contact with Plaintiffs ROMERO and ZAVALA. SOCORRO represented to ROMERO and ZAVALA that he had several pending international orders but was facing cash flow problems, including arising from the pendency of the French lawsuit.  Relying on these representations, (1) on April 30, 2019 ROMERO loaned SOCORRO and IQUANTICS $200,000 (the "Romero Loan") at 18% interest; and (2) on May 23, 2019 ZAVALA loaned SOCORRO and IQUANTICS $25,839.79 (the "Zavala Loan") at 18% interest.

26.     The loans became due, ZAVALA and ROMERO made demand, and Defendants never made any payment.

**Plaintiffs Realize SOCORRO and IQUANTICS Defrauded Them**

27.     In or around May 2022 contrary to prior representations, SOCORRO offered to supply equipment different from that which LEFIC had ordered, in an attempt to satisfy those

orders.  At that point, it became clear to LEFIC and DYNTRA, that Defendants could not supply the actual equipment LEFIC and DYNTRA had ordered and paid for.

28.     Around that same time, LEFIC contacted the French company that SOCORRO had represented caused Defendants' failure to deliver the 3 millions cards LEFIC had ordered. The French company confirmed that SOCORRO had only ordered 270,000 cards, i.e., the small quantity of cards that Defendants delivered, and that IQUANTIC had never filed any such lawsuit.

29.     Further, in or around, August 2023 Plaintiffs learned that a Venezuelan company had sued SOCORRO and IQUANTICS for accepting $253,671 for IT equipment that Defendants never delivered.

30.     Plaintiffs could not trust SOCORRO any longer and realized SOCORRO's representations were false and that Defendants were orchestrating a global scheme to defraud unsuspecting commercial victims.

31.     If unchallenged, Defendants will continue their fraudulent international criminal theft scheme, robbing unsuspecting persons and businesses in the U.S., in this district, and throughout the world.

### FULFILLMENT OF CONDITIONS PRECEDENT AND ENTITLEMENT TO ATTORNEY'S FEES

32.     All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived or excused.

33.     Plaintiffs have retained the undersigned attorneys to bring this action and are obligated to pay a reasonable attorney's fee for their services.  Plaintiffs are entitled to an

award of their attorney's fees against Defendants, among other things, pursuant to 18 U.S.C.
§ 1964(c).

## COUNT I
## RACKETEERING IN VIOLATION OF 18 U.S.C. § 1964
### (ALL PLAINTIFFS v. SOCORRO AND IQUANTICS)

34.     Plaintiffs adopt and reallege the allegations set forth in paragraphs 1 through 33
above as if fully and expressly set forth herein and further alleges as follows.

35.     The operation of SOCORRO and IQUANTICS of their fraudulent IT equipment
sales scheme constitutes a racketeering operation.

36.     SOCORRO directed and coordinated with IQUANTICS and other yet-to-be-
identified parties (collectively the "IQUANTICS Enterprise," "RICO Enterprise," or
"Enterprise") within the meaning of 18 U.S.C. § 1961(4), which Enterprise was engaged in, or
the affairs of which affected, interstate and foreign commerce.

37.     SOCORRO and IQUANTICS were each also a member of the RICO Enterprise,
as each was a distinct person, separate and apart, from each of the RICO Enterprise members
together.

38.     The RICO Enterprise engaged in a pattern of racketeering activity.

39.     As co-conspirators, the unlawful conduct of each member of the RICO
Enterprise is attributed to every member, i.e., Defendants and the other yet-to-be-identified co-
conspirators.

40.     As set forth above, the RICO Enterprise engaged in the following predicate acts
of racketeering within the meaning of 18 U.S.C. § 1961(1): Wire fraud in violation of 18 U.S.C.
§ 1343.

41.    The predicate acts set forth in this Complaint, includes defrauding each of the Plaintiffs, and others, including the Venezuelan Plaintiff referred at ¶ 29 above, from June 2017 through at least January 2020 via electronic communications including e-mail, texts, and WhatsApp messaging.

42.    Specifically, including as alleged above, relying on Defendants' various misrepresentations that (1) IQUANTICS had several pending international orders, (2) was having short term cash flow problems, (3) that the French lawsuit was pending and would resolve, and/or (4) that IQUANTICS could, and would, deliver all equipment, Plaintiffs made each of the separate (16) sixteen payments to  IQUANTICS (for equipment and loans).  See ¶¶ 16, 17, 19, 20, 21, 22, 24, and 25 above.

43.    Each instance set forth in the preceding paragraph constitutes a discrete act of racketeering based on discrete misrepresentations resulting in discrete and different instances of damage to the four (4) different Plaintiffs.

44.    The predicate acts set forth in this Complaint are related, in that they have the same or similar purposes, results, participants, and methods of commission, and are otherwise interrelated by distinguishing characteristics and are not isolated events. The related criminal schemes set forth in this Complaint constitutes a "pattern or patterns of racketeering activity" as defined in 18 U.S.C. § 1961(5).

45.    Defendants engaged in two or more predicated acts of racketeering within a period of ten years and committed at least one such act after October 15, 1970.

46.    The information that would establish further predicate acts and further acts of racketeering is solely within the control of Defendants.  However, given the global nature of their criminal scheme, with the great distances between: (a) the members of the IQUANTICS

Enterprise; and (b) their unsuspecting victims including Plaintiffs (e.g., throughout the United States, in this district, and throughout the world), the evidence will demonstrate the Enterprise members communicated with each other, with Plaintiffs, with victims similarly situated to Plaintiffs, through use of mail and/or wire. Plaintiffs require discovery to ferret out the further extent of predicate acts and further acts of racketeering, including the identity of similarly situated defrauded victims and the scope of the systematic fraud.

47.     Defendants have received income derived, directly or indirectly, from a pattern of racketeering activity and used or invested, directly or indirectly, part of such income, or the proceeds of such income, in acquisition of an interest in, or in the establishment or operation of, the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(a).

48.     Defendants through a pattern of racketeering activity maintain, directly or indirectly, an interest in or control of the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(b).

49.     SOCORRO was associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

50.     SOCORRO, IQUANTICS, and the other yet-to-be-identified parties, each entered into a conspiracy to conduct or participate, directly or indirectly, in the conduct of the RICO Enterprises' affairs through the pattern of racketeering activity described herein, in violation of 18 U.S.C. § 1962(d).

51.     As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs TELEMÁTICA LEFIC, S.A. DE C.V., DYNTRA, S.A. DE C.V., ROSA MARÍA ROMERO VARGAS, and ERNESTO ZAVALA, demand that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, as follows:

(a)     damages;

(b)     statutory trebled damages pursuant to 18 U.S.C. § 1964(c) in the amount of $6,031,426.35;

(c)     punitive damages;

(d)     costs, including reasonable attorney's fees, pursuant to 18 U.S.C. § 1964(c);

(e)     costs;

(f)     interest; and

(g)     such other and further relief as this Court deems just and proper.

## COUNT II
## <u>FRAUD</u>
## (LEFIC v. SOCORRO AND IQUANTICS)

52.     Plaintiff LEFIC adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

53.     As set forth above, Defendants executed a concerted fraud to obtain payments from LEFIC for IT equipment that Defendants never delivered.

54.     Specifically, regarding the $755,443 smart card order at ¶ 19(b) through (g) above, Defendants misrepresented to LEFIC (1) that they could, and would, deliver the complete 3 million

card order – when in fact Defendants knew IQUANTICS could not; (2) that they would, and had, ordered 3 million cards from the French manufacturer – when in reality Defendants ordered only 270,000; (3) that the order was delayed due to the fault of the French manufacturer – when this was entirely false; (4) that IQUANTICS had sued the French manufacturer – when this was entirely false; and (5) that IQUANTICS would refund LEFIC's purchase funds when the French lawsuit resolved – when this was entirely false.

55.     With respect to the other orders, Defendants misrepresented to LEFIC that IQUANTICS could, and would, supply the ordered IT equipment when in reality Defendants knew they could not, and would not.

56.     Defendants' representations were material and were false.

57.     Defendants made their misrepresentations to LEFIC with the intention that LEFIC rely upon the misrepresentations and act upon them.

58.     Defendants knew or should have known that their representations to LEFIC were false at the time they were made and the Defendants made their representations without any intention of performing or with the positive intention not to perform consistent therewith.

59.     LEFIC justifiably relied upon the Defendants' misrepresentations and omissions of material fact.

60.     Plaintiff has suffered damages as a direct and proximate result of the Defendants' fraud, including for each of the payments at ¶ 19 above, for the $148,462.26 penalty at ¶ 16 above, and for lost orders from the Mexican Government when Defendants caused LEFIC to default on the government contracts.

WHEREFORE, Plaintiff TELEMÁTICA LEFIC, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP.,

jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT III**
**CONSTRUCTIVE FRAUD**
**(LEFIC v. SOCORRO AND IQUANTICS)**

61.    Plaintiff LEFIC adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

62.    As set forth above, Plaintiff reposed its trust and confidence in Defendants.

63.    As set forth above, Defendants executed a concerted fraud to obtain payments from LEFIC for IT equipment that Defendants never delivered.

64.    Specifically, regarding the $755,443 smart card order at ¶ 19(b) through (g) above, Defendants misrepresented to LEFIC (1) that they could, and would, deliver the complete 3 million card order – when in fact Defendants knew IQUANTICS could not; (2) that they would, and had, ordered 3 million cards from the French manufacturer – when in reality Defendants ordered only 270,000; (3) that the order was delayed due to the fault of the French manufacturer – when this was entirely false; (4) that IQUANTICS had sued the French manufacturer – when this was entirely false; and (5) that IQUANTICS would refund LEFIC's purchase funds when the French lawsuit resolved – when this was entirely false.

65.    With respect to the other orders, Defendants misrepresented to LEFIC that IQUANTICS could, and would, supply the ordered IT equipment when in reality Defendants knew they could not, and would not.

66.    Defendants made their misrepresentations to LEFIC with the intention that LEFIC rely upon the misrepresentations and act upon them.

67.    Defendants knew or should have known that their representations to LEFIC were

false at the time they were made and the Defendants made their representations without any intention of performing or with the positive intention not to perform consistent therewith.

68.    LEFIC justifiably relied upon the Defendants' misrepresentations and omissions of material fact.

69.    Plaintiff has suffered damages as a direct and proximate result of the Defendants' constructive fraud, including for each of the payments at ¶ 19 above and for the $148,462.26 penalty at ¶ 16 above, and for lost orders from the Mexican Government when Defendants caused LEFIC to default on the government contracts.

WHEREFORE, Plaintiff TELEMÁTICA LEFIC, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

### COUNT IV
### FRAUD IN THE INDUCEMENT – IT EQUIPMENT ORDERS
#### (LEFIC v. SOCORRO and IQUANTICS)

70.    Plaintiff LEFIC adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

71.    As set forth above, Defendants executed a concerted fraud to obtain orders and payments from LEFIC for IT equipment that Defendants never delivered.

72.    Before Plaintiff made the $755,443 smart card order at ¶ 19(b) through (g) above, Defendants misrepresented to LEFIC (1) that they could, and would, deliver the complete 3 million card order – when in fact Defendants knew IQUANTICS could not; (2) that they would, and had, ordered 3 million cards from the French manufacturer – when in reality this was entirely false and Defendants ordered only 270,000.

73.     With respect to the other orders, before Plaintiff made the orders at ¶19(a), (i) through (l) above, Defendants misrepresented to LEFIC that IQUANTICS could, and would, supply the ordered IT equipment when in reality Defendants knew they could not, and would not.

74.     Defendants made their misrepresentations to LEFIC with the intention that LEFIC rely upon the misrepresentations and act upon them.

75.     Defendants knew or should have known that their representations to LEFIC were false at the time they were made and the Defendants made their representations without any intention of performing or with the positive intention not to perform consistent therewith.

76.     LEFIC justifiably relied upon the Defendants' misrepresentations and omissions of material fact and was thereby induced into each of the contracts at Composite Exhibit "A."

77.     Plaintiff has suffered damages as a direct and proximate result of the Defendants' fraud in the inducement.

WHEREFORE, Plaintiff TELEMÁTICA LEFIC, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT V
## CONVERSION
### (LEFIC v. SOCORRO AND IQUANTICS)

78.     Plaintiff LEFIC adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

79.     As more fully alleged above, Defendants misappropriated each of the payments at ¶ 19 above.

80.     Defendants converted Plaintiff's funds to their own use or to the use of others not

entitled thereto and have exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

81.     Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiff TELEMÁTICA LEFIC, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT VI
## MONEY HAD AND RECEIVED
## (LEFIC v. SOCORRO AND IQUANTICS)

82.     Plaintiff LEFIC adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

83.     Defendants received Plaintiff's monies set forth at ¶ 19 above.

84.     The circumstances under which Defendants received Plaintiff's monies renders Defendants' retention of the monies inequitable.

85.     Equity requires that Defendants return to Plaintiff its monies.

WHEREFORE, Plaintiff TELEMÁTICA LEFIC, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT VII
## UNJUST ENRICHMENT
## (LEFIC v. SOCORRO AND IQUANTICS)

86.     Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through

33 above as if fully and expressly set forth herein and further alleges as follows.

87.     Plaintiff conferred a direct benefit upon Defendants by paying each of the amounts set forth at ¶ 19 above to Defendants.

88.     Defendants had knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

89.     The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit renders Defendants' retention of the benefits inequitable.

90.     Equity requires that Defendants return to Plaintiff the benefits it conferred upon them.

WHEREFORE, Plaintiff TELEMÁTICA LEFIC, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT VIII**
**BREACH OF CONTRACT**
**(LEFIC v. IQUANTICS)**

91.     Plaintiff LEFIC adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

92.     Plaintiff and IQUANTICS entered into a contract for each of Plaintiff's IT equipment orders set forth at Composite Exhibit "A."

93.     Plaintiff performed fully by making each of the payments set forth at ¶ 19 above.

94.     IQUANTICS breached each contract by accepting Plaintiff's funds set forth above at ¶ 19 and then failing to deliver the IT equipment Plaintiff purchased.

95.     Plaintiff has suffered damages as a direct and proximate result of IQUANTIC's

breach of contract, including for each of the amounts set forth at ¶ 19 above, and the penalty of $148,462.26 set forth at ¶ 16 above.

WHEREFORE, Plaintiff TELEMÁTICA LEFIC, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT IX**
**FRAUD**
**(DYNTRA v. SOCORRO and IQUANTICS)**

96.     Plaintiff DYNTRA adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

97.     As set forth above, Defendants executed a concerted fraud to obtain payments from DYNTRA for IT equipment that Defendants never delivered.

98.     Specifically before each of Plaintiff's orders set forth at ¶ 21 above, Defendants represented to DYNTRA that IQUANTICS could, and would, supply the ordered IT equipment – when in reality Defendants knew IQUANTICS could not, and would  not.

99.     Further, before Plaintiff made the $150,000 Dyntra Loan, SOCORRO represented to DYNTRA that he had several pending international orders but was facing cash flow problems, including arising from the pendency of the French lawsuit – when in reality there was no such French lawsuit.

100.     Defendants' representations were material and were false.

101.     Defendants made their misrepresentations to DYNTRA with the intention that DYNTRA rely upon the misrepresentations and act upon them.

102.     Defendants knew or should have known that their representations to DYNTRA

were false at the time they were made and the Defendants made their representations without any intention of performing or with the positive intention not to perform consistent therewith.

103.    DYNTRA justifiably relied upon the Defendants' misrepresentations and omissions of material fact.

104.    Plaintiff has suffered damages as a direct and proximate result of the Defendants' fraud, including for each of the payments at ¶¶ 21 and 24 above.

WHEREFORE, Plaintiff DYNTRA, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

### COUNT X
### CONSTRUCTIVE FRAUD
### (DYNTRA v. SOCORRO and IQUANTICS)

105.    Plaintiff DYNTRA adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

106.    As set forth above, Plaintiff reposed its trust and confidence in Defendants.

107.    As set forth above, Defendants executed a concerted fraud to obtain payments from DYNTRA for IT equipment that Defendants never delivered.

108.    Specifically before each of Plaintiff's orders set forth at ¶ 21 above, Defendants represented to DYNTRA that IQUANTICS could, and would, supply the ordered IT equipment – when in reality Defendants knew IQUANTICS could not, and would not.

109.    Further, before Plaintiff made the $150,000 Dyntra Loan, SOCORRO represented to DYNTRA that he had several pending international orders but was facing cash flow problems, including arising from the pendency of the French lawsuit – when in reality there

was no such French lawsuit.

110.     Defendants' representations were material and were false.

111.     Defendants made their misrepresentations to DYNTRA with the intention that DYNTRA rely upon the misrepresentations and act upon them.

112.     Defendants knew or should have known that their representations to DYNTRA were false at the time they were made and the Defendants made their representations without any intention of performing or with the positive intention not to perform consistent therewith.

113.     DYNTRA justifiably relied upon the Defendants' misrepresentations and omissions of material fact.

114.     Plaintiff has suffered damages as a direct and proximate result of the Defendants' constructive fraud, including for each of the payments at ¶¶ 21 and 24 above.

WHEREFORE, Plaintiff DYNTRA, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

### COUNT XI
### FRAUD IN THE INDUCEMENT – IT EQUIPMENT ORDERS
### (DYNTRA v. SOCORRO and IQUANTICS)

115.     Plaintiff DYNTRA adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

116.     As set forth above, Defendants executed a concerted fraud to obtain payments from DYNTRA for IT equipment that Defendants never delivered.

117.     Before Plaintiff made each of the orders at ¶ 21(a) and (b) above, Defendants misrepresented to DYNTRA that IQUANTICS could, and would, deliver the IT equipment – when

in fact Defendants knew IQUANTICS could not, and would not.

118.     Defendants made their misrepresentations to DYNTRA with the intention that DYNTRA rely upon the misrepresentations and act upon them.

119.     Defendants knew or should have known that their representations to DYNTRA were false at the time they were made and the Defendants made their representations without any intention of performing or with the positive intention not to perform consistent therewith.

120.     DYNTRA justifiably relied upon the Defendants' misrepresentations and omissions of material fact and was thereby induced into each of the contracts at Composite Exhibit "B."

121.     Plaintiff has suffered damages as a direct and proximate result of the Defendants' fraud in the inducement.

WHEREFORE, Plaintiff DYNTRA, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

### COUNT XII
### CONVERSION
**(DYNTRA v. SOCORRO and IQUANTICS)**

122.     Plaintiff DYNTRA adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

123.     As more fully alleged above, Defendants misappropriated each of the payments at ¶¶ 21 and 24 above.

124.     Defendants converted Plaintiff's funds to their own use or to the use of others not entitled thereto and has exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

125.    Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiff, DYNTRA, S.A. DE C.V., demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT XIII
## MONEY HAD AND RECEIVED
### (DYNTRA v. SOCORRO and IQUANTICS)

126.    Plaintiff DYNTRA adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

127.    Defendants received Plaintiff's monies set forth at ¶¶ 21 and 24 above.

128.    The circumstances under which Defendants received Plaintiff's monies renders Defendants' retention of the monies inequitable.

129.    Equity requires that Defendants return to Plaintiff its monies.

WHEREFORE, Plaintiff, DYNTRA, S.A. DE C.V., demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT XIV
## UNJUST ENRICHMENT
### (DYNTRA v. SOCORRO and IQUANTICS)

130.    Plaintiff DYNTRA adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

131.    Plaintiff conferred a direct benefit upon Defendants by paying each of the amounts

set forth at ¶¶ 21 and 24 above to Defendants.

132.   Defendants had knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

133.   The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit renders Defendants' retention of the benefits inequitable.

134.   Equity requires that Defendants return to Plaintiff the benefits it conferred upon them.

WHEREFORE, Plaintiff DYNTRA, S.A. DE C.V. demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT XV
## BREACH OF CONTRACT
### (DYNTRA v. IQUANTICS)

135.   Plaintiff DYNTRA adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

136.   Plaintiff and IQUANTICS entered into a contract for each of Plaintiff's IT equipment orders set forth at ¶ 21 above.

137.   Plaintiff performed fully by making each of the payments set forth at ¶ 21 above.

138.   IQUANTICS breached each contract by accepting Plaintiff's funds and then failing to deliver the IT equipment Plaintiff purchased.

139.   Plaintiff has suffered damages as a direct and proximate result of IQUANTIC's breach of contract.

WHEREFORE, Plaintiff DYNTRA, S.A. DE C.V. demands that judgment be entered

against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT XVI**
**BREACH OF LOAN AGREEMENT AND PROMISSORY NOTE**
**(DYNTRA v. IQUANTICS)**

140.    Plaintiff DYNTRA adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

141.    Plaintiff and Defendant IQUANTICS entered into the DYNTRA Loan, i.e., the loan and promissory note attached at Exhibit "C."

142.    Pursuant to the DYNTRA Loan IQUANTICS was required to pay $150,000, interest at 14 % per annum, and late charges.

143.    Despite demand Defendant has not paid the amounts due on the loan and is in default.

WHEREFORE, Plaintiff DYNTRA, S.A. DE C.V. demands that judgment be entered against Defendant IQUANTICS CORP., for damages including contracted interest, contracted penalty, costs, and such other and further relief as this Court deems just and proper.

**COUNT XVII**
**BREACH OF ORAL LOAN AGREEMENT**
**(ROMERO v. SOCORRO and IQUANTICS)**

144.    Plaintiff ROMERO adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

145.    Plaintiff and Defendants SOCORRO and IQUANTICS entered into the oral ROMERO Loan.

146.    Pursuant to the Loan Defendants were required to repay ROMERO $200,000 plus

24

18% interest per annum.

147.    Despite demand Defendants have not paid the amounts due on the loan and are in default.

WHEREFORE, Plaintiff ROSA MARÍA ROMERO VARGAS demands that judgment be entered against Defendant IQUANTICS CORP., for damages including contracted interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT XVIII**
**FRAUD IN THE INDUCEMENT – ROMERO LOAN**
**(ROMERO v. SOCORRO and IQUANTICS)**

148.    Plaintiff ROMERO adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

149.    As set forth above, Defendants executed a concerted fraud to obtain the $200,000 ROMERO Loan payment from ROMERO as set forth at ¶ 25 above.

150.    Before Plaintiff made the loan Defendants represented to ROMERO that IQUANTICS had several pending international orders but was facing cash flow problems, including arising from the pendency of the French lawsuit – when in reality there was no such French lawsuit and Defendants knew IQUANTICS would not repay the loan.  Defendants' representations were material and were false.

151.    Defendants made their misrepresentations to ROMERO with the intention that ROMERO rely upon the misrepresentations and act upon them.

152.    Defendants knew or should have known that their representations to ROMERO were false at the time they were made and the Defendants made their representations without any intention of performing or with the positive intention not to perform consistent therewith.

153.    ROMERO justifiably relied upon the Defendants' misrepresentations and

omissions of material fact and was thereby induced into the ROMERO Loan.

154.    Plaintiff has suffered damages as a direct and proximate result of the Defendants' fraud in the inducement.

WHEREFORE, Plaintiff ROSA MARÍA ROMERO VARGAS demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

### COUNT IX:
### FRAUD
### (ROMERO v. SOCORRO and IQUANTICS)

155.    Plaintiff ROMERO adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

156.    As set forth above, Defendants executed a concerted fraud to obtain a $200,000 payment from ROMERO as set forth at ¶ 25 above.

157.    Specifically, Defendants represented to ROMERO that IQUANTICS had cash flow problems exacerbated by the pendency of the French lawsuit and that Defendants would make payment promptly when the French lawsuit resolved.

158.    Defendants' representations were material and were false.

159.    Defendants made their misrepresentations to ROMERO with the intention that ROMERO rely upon the misrepresentations and act upon them.

160.    Defendants knew or should have known that their representations to ROMERO were false at the time they were made and the Defendants made their representations without any intention of performing or with the positive intention not to perform consistent therewith.

161.    ROMERO justifiably relied upon the Defendants' misrepresentations and

26

omissions of material fact.

162.   Plaintiff has suffered damages as a direct and proximate result of the Defendants' fraud.

WHEREFORE, Plaintiff ROSA MARÍA ROMERO VARGAS demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT XX**
**CONVERSION**
**(ROMERO v. SOCORRO and IQUANTICS)**

163.   Plaintiff ROMERO adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

164.   As more fully alleged above, Defendants misappropriated ROMERO's payment of $200,000 to IQUANTICS.

165.   Defendants converted Plaintiff's funds to their own use or to the use of others not entitled thereto and has exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

166.   Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiff, ROMERO, S.A. DE C.V., demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT XXI**
**MONEY HAD AND RECEIVED**
**(ROMERO v. SOCORRO and IQUANTICS)**

167.    Plaintiff ROMERO adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

168.    Defendants received Plaintiff's $200,000 as set forth at ¶ 25 above.

169.    The circumstances under which Defendants received Plaintiff's monies renders Defendants' retention of the monies inequitable.

170.    Equity requires that Defendants return to Plaintiff its monies.

WHEREFORE, Plaintiff, ROSA MARÍA ROMERO VARGAS, demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT XXII**
**UNJUST ENRICHMENT**
**(ROMERO v. SOCORRO and IQUANTICS)**

171.    Plaintiff ROMERO adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

172.    Plaintiff conferred a direct benefit upon Defendants by paying the $200,000 as set forth at ¶ 25 above to Defendants.

173.    Defendants had knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

174.    The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit renders Defendants' retention of the benefits inequitable.

175.    Equity requires that Defendants return to Plaintiff the benefits it conferred upon

them.

WHEREFORE, Plaintiff ROSA MARÍA ROMERO VARGAS demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT XXIII
## BREACH OF ORAL LOAN AGREEMENT
### (ZAVALA v. SOCORRO and IQUANTICS)

176.    Plaintiff ZAVALA adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

177.    Plaintiff and Defendants SOCORRO and IQUANTICS entered into the oral ZAVALA Loan.

178.    Pursuant to the Loan Defendants were required to repay ZAVALA $25,839.79 plus interest.

179.    Despite demand Defendants have not paid the amounts due on the loan and are in default.

WHEREFORE, Plaintiff ERNESTO ZAVALA demands that judgment be entered against Defendant ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., for damages including contracted interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT XXIV
## FRAUD IN THE INDUCEMENT – ZAVALA LOAN
### (ZAVALA v. SOCORRO and IQUANTICS)

180.    Plaintiff ZAVALA adopts and realleges the allegations contained in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

181.    As set forth above, Defendants executed a concerted fraud to obtain a $25,839.79

payment from ZAVALA as set forth at ¶ 25 above.

182.   Before Plaintiff made the loan Defendants represented to ZAVALA that IQUANTICS had several pending international orders but was facing cash flow problems, including arising from the pendency of the French lawsuit – when in reality there was no such French lawsuit and Defendants knew IQUANTICS would not repay the loan.  Defendants' representations were material and were false.

183.   Defendants' representations were material and were false.

184.   Defendants made their misrepresentations to ZAVALA with the intention that ZAVALA rely upon the misrepresentations and act upon them.

185.   Defendants knew or should have known that their representations to ZAVALA were false at the time they were made and the Defendants made their representations without any intention of performing or with the positive intention not to perform consistent therewith.

186.   ZAVALA justifiably relied upon the Defendants' misrepresentations and omissions of material fact and was thereby induced into the ZAVALA Loan.

187.   Plaintiff has suffered damages as a direct and proximate result of the Defendants' fraud in the inducement.

WHEREFORE, Plaintiff ERNESTO ZAVALA demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT XXV**
**FRAUD**
**(ZAVALA v. SOCORRO and IQUANTICS)**

188.   Plaintiff ZAVALA adopts and realleges the allegations contained in paragraphs 1

through 33 above as if fully and expressly set forth herein and further alleges as follows.

189.    As set forth above, Defendants executed a concerted fraud to obtain a $25,839.79 payment from ZAVALA as set forth at ¶ 25 above.

190.    Specifically, Defendants represented to ZAVALA that IQUANTICS had cash flow problems exacerbated by the pendency of the French lawsuit and that Defendants would make payment promptly when the French lawsuit resolved.

191.    Defendants' representations were material and were false.

192.    Defendants made their misrepresentations to ZAVALA with the intention that ZAVALA rely upon the misrepresentations and act upon them.

193.    Defendants knew or should have known that their representations to ZAVALA were false at the time they were made and the Defendants made their representations without any intention of performing or with the positive intention not to perform consistent therewith.

194.    ZAVALA justifiably relied upon the Defendants' misrepresentations and omissions of material fact.

195.    Plaintiff has suffered damages as a direct and proximate result of the Defendants' fraud.

WHEREFORE, Plaintiff ERNESTO ZAVALA demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

### COUNT XXVI
### CONVERSION
(ZAVALA v. SOCORRO and IQUANTICS)

196.    Plaintiff ZAVALA adopts and realleges the allegations contained in paragraphs 1

through 33 above as if fully and expressly set forth herein and further alleges as follows.

197.    As more fully alleged above, Defendants misappropriated ZAVALA's payment of $25,839.79 to IQUANTICS, as set forth at ¶ 25 above.

198.    Defendants converted Plaintiff's funds to their own use or to the use of others not entitled thereto and has exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

199.    Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiff, ERNESTO ZAVALA, demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**COUNT XXVII**
**MONEY HAD AND RECEIVED**
**(ZAVALA v. SOCORRO and IQUANTICS)**

200.    Plaintiff ZAVALA adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

201.    Defendants received Plaintiff's $25,839.79, as set forth at ¶ 25 above.

202.    The circumstances under which Defendants received Plaintiff's monies renders Defendants' retention of the monies inequitable.

203.    Equity requires that Defendants return to Plaintiff its monies.

WHEREFORE, Plaintiff ERNESTO ZAVALA, demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just

and proper.

**COUNT XXVIII**
**UNJUST ENRICHMENT**
**(ROMERO v. SOCORRO and IQUANTICS)**

204.    Plaintiff ZAVALA adopts and realleges the allegations set forth in paragraphs 1 through 33 above as if fully and expressly set forth herein and further alleges as follows.

205.    Plaintiff conferred a direct benefit upon Defendants by paying the $25,839.79, as set forth at ¶ 25 above to Defendants.

206.    Defendants had knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

207.    The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit renders Defendants' retention of the benefits inequitable.

208.    Equity requires that Defendants return to Plaintiff the benefits it conferred upon them.

WHEREFORE, Plaintiff ERNESTO ZAVALA demands that judgment be entered against Defendants ANTONIO J. SOCORRO MARÍN and IQUANTICS CORP., jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: March 21, 2024                Respectfully submitted,

THE BOBADILLA LAW FIRM
Attorneys for Plaintiffs
20900 N.E. 30th Ave., Suite 800
Aventura, FL 33180
Telephone: 786.446.8643

By: *s/ D. Fernando Bobadilla*
    D. Fernando Bobadilla, Esq.
    Fla. Bar No. 0136948
    fernandob@bobadillafirm.com