**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TELEMÁTICA LEFIC, S.A. DE C.V., et al.,

    Plaintiffs,

v.                                                                Case No. 3:24-cv-290-MMH-SJH

ANTONIO J. SOCORRO MARÍN, et al.,

    Defendants.

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [DE 64] (Doc. 67; Response), filed on September 17, 2024. In the Response, Plaintiffs, in addition to asserting that Defendants' motion to dismiss is due to be denied, alternatively request leave to amend the amended complaint "to cure any cognizable deficiencies . . . ." See Response at 20. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla., 48 F. 4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum,

the issue has not been raised properly." (quoting <u>Newton v. Duke Energy Fla., LLC</u>, 895 F.3d 1270, 1277 (11th Cir. 2018))); <u>Rosenberg v. Gould</u>, 554 F.3d 962, 965 (11th Cir. 2009).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. <u>See</u> Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. <u>See</u> Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." <u>Long v. Satz</u>, 181 F.3d 1275, 1279 (11th Cir. 1999); <u>see</u> <u>also</u> <u>McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles</u>, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); <u>United States ex. rel. Atkins v. McInteer</u>, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same). Thus, the Court will not entertain Plaintiffs' request for relief included in the Response. Plaintiffs are advised that, if they wish to

pursue such relief, they are required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

The Court also takes this opportunity to note that neither Plaintiffs nor Defendants are properly adhering to the Court's typography requirements. In the main text of the Response, Plaintiffs appear to use 13-point Times New Roman font. However, pursuant to Local Rule 1.08(b), Times New Roman is permitted only if the main text is at least 14-point. Defendants commit a similar violation in Defendants' Motion to Dismiss the Amended Complaint (Doc. 64; Motion). Specifically, the main text of the Motion appears to be in 12-point Century Schoolbook font. However, Local Rule 1.08(a) requires Century Schoolbook typeface to be at least 13-point in the main text. Although the Court declines to strike these filings at this time, the Court will direct the parties to review Local Rule 1.08, and going forward, filings which do not comply with the typography requirements in this Court will be stricken.

**ORDERED**:

1. To the extent that they request affirmative relief from the Court, Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [DE 64] (Doc. 67) is **DENIED without prejudice**.

2. The parties are directed to review the typography requirements set forth in Local Rule 1.08. Future filings which do not comply with these requirements will be stricken.

**DONE AND ORDERED** in Jacksonville, Florida, this 18th day of September, 2024.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record