UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TELEMATICA LEFIC, S.A. DE C.V.,
et al.,

      Plaintiffs,

v.                                       CASE NO. 3:24-cv-290-WGY-SJH

ANTONIO J. SOCORRO MARIN,
et al.,

      Defendants.
_____/

## ORDER FOLLOWING HEARING

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel Discovery Responses and for Sanctions ("Motion"). Doc. 90. The Court previously took the Motion under advisement, directed further conferral, directed the parties to file a joint notice certifying such conferral and identifying any remaining issues requiring the Court's consideration ("Remaining Issues"), permitted additional briefing on any Remaining Issues, and scheduling a hearing. Doc. 93; *see also* Doc. 95. The parties filed a joint notice certifying conferral on the Motion and conveying only two Remaining Issues. Doc. 94. Following additional briefing, Docs. 96, 97, the Court held a hearing on the Motion on April 23, 2025 ("Hearing"), the record of which is incorporated herein. For the reasons stated on the record at the Hearing, it is **ORDERED**:

    1.    The Motion (Doc. 90) is **denied** as to the two Remaining Issues identified by the parties and otherwise **denied as moot**.

2. To the extent any additional affirmative relief was requested in Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel Discovery Responses and for Sanctions (Doc. 97), any such request is **denied without prejudice**.

3. Defendants' *ore tenus* Motion to Withdraw Technical Admissions (Doc. 100) is **granted**.[1] Defendants' technical admissions to the requests for admission at issue in the Motion are deemed withdrawn, with Defendants' substantive responses substituted in their place.

**DONE AND ORDERED** in Jacksonville, Florida, on April 24, 2025.

Samuel J. Horovitz
United States Magistrate Judge

---

[1] As the Court explained at the Hearing, the requests for admission at issue were automatically deemed admitted as untimely; thus, the parties' competing arguments as to whether they should be admitted under the circumstances was best addressed through a motion to withdraw the technical admissions from Defendants. *See* Fed. R. Civ. P. 36(a)(3); *see also* Fed. R. Civ. P. 36(b). Defendants thus made their *ore tenus* motion to withdraw the admissions. Doc. 100. Plaintiffs nevertheless (and without support) objected to the Court hearing that *ore tenus* motion, even though Plaintiffs had raised in their Motion the issue of whether the requests should be deemed admitted, both parties had raised the issue in their joint notice, and both parties had fully briefed the issue. As stated at the Hearing, Plaintiffs' objection lacks merit. *See also* Fed. R. Civ. P. 7(b)(1)(A). Regardless, even if consideration of Defendants' *ore tenus* motion was not proper—and it was proper—the Court can construe Defendants' pre-Hearing papers asking to have the technical admissions withdrawn as a motion to do so (and, to the extent necessary to effectuate this Order, the Court does). *See, e.g.*, *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 686 (M.D. Fla. 2005); *see also Nangle v. Bay Area Site Works LLC*, No. 8:23-cv-00882-KKM-SPF, 2024 WL 4605990, at *3-4 (M.D. Fla. Oct. 29, 2024); *Reid v. McNeil*, No. 3:09-cv-1283-J-34MCR, 2015 WL 5755898, at *5 (M.D. Fla. Sept. 29, 2015); *Riquelme v. United States*, No. 8:07-cv-2180-T-30MAP, 2009 WL 1405179, at *2 (M.D. Fla. May 19, 2009).

Copies to:

Counsel of Record